NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HICHAM AZKOUR,<br>Plaintiff,<br>v.<br>LOIS ARIA, et al.,<br>Defendants. | Civil Action No. 09-5280 (PGS)<br><br>MEMORANDUM DECISION |

SHERIDAN, U.S.D.J.

This matter is before the court on plaintiff's motion for default judgment [ECF No. 40] against defendants Anastasio Stamatiou and Alexandros Stamatiou ("Defendants"). Default was entered by the clerk on July 8, 2011. Plaintiff requests judgment against the defaulted Defendants, and has filed this motion. The Court held a telephone conference with Plaintiff on December 18, 2012. At that time, the Court advised Plaintiff that additional evidence was needed to prove damages. The matter was adjourned until February 7, 2013 at which time Plaintiff did not appear or otherwise communicate with the Court, and no additional proofs have been filed.

According to the Complaint, the Defendants, who were the Plaintiff's landlord and the landlord's son, through harassment, intimidation and force, sought to drive Plaintiff from his rented apartment because of his race. Plaintiff also alleges that as part of this discriminatory treatment Defendants made false reports to law enforcement officials, which resulted in unwarranted investigations and detainment. Plaintiff asserts a number of causes of action based

on this conduct, and seeks $420,000.00 plus punitive damages in the same amount. Plaintiff summarizes his damages as follows:

> As the result of the defaulting defendants' unlawful acts, Plaintiff suffered, inter alia, the loss of his livelihood because of severe emotional distress, physical injuries, and a resulting incapacitation. During his last employment with Accenture, LLP (then Arthur Anderson), up to October 2005, Plaintiff had a yearly salary of $60,000.00 plus benefits. See EXHIBIT A. Plaintiff moved to New Jersey because he was looking and was offered a comparable alternative employment with ISO, an insurance company. Since that time, and following the unlawful acts to which he had been subjected, Plaintiff became homeless and mentally impaired. See EXHIBIT B AND EXHIBIT C. Moreover due to his ailments, Plaintiff has been unemployed for a long period of time. Intermittently, Plaintiff was able to find menial jobs, which pay the minimum wage. EXHIBIT D. Despite his graduate education, Plaintiff is still struggling with the emotional distress inflicted upon him by the defendants. The lack of social support has not but added more difficulties to Plaintiffs ability to readapt to his way of life prior to the date of the unlawful acts committed by the defendants on or about October 8, 2005.
>
> . . .
>
> Seven years during, from the date of the defendant's outrageous acts, up to this very day, Plaintiff his lost $420,000 00 in wages. While hereby seeking compensatory damages, Plaintiff does not include bonuses, promotions, and retirement plans in which he could have participated. Even if this Court may require that Plaintiff mitigate his damages, Plaintiff since October 2005, has not had a total income of more than $40,000.00, which, considering any salary Increase in his line of work, would not make any difference.

At the outset, the Court notes that although the Clerk entered default against both Defendants, defendant Alexandros Stamatiou's default was entered in error. Federal Rule of Civil Procedure 4(e) provides that service upon an individual is effectuated by, *inter alia*, "delivering a copy of the summons and of the complaint to the individual personally," or by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of

suitable age and discretion who resides there." It appears that this is the provision under which service was purportedly accomplished. However, the process receipt, and the Complaint, indicate that Alexandros's address was 410 Summit Avenue, Jersey City, NJ, but that the summons and complaint were left with a Mrs. Helen Stamatiou at 116 Magnolia Avenue. This service does not comply with the Rules. If the summons and complaint were served on Mrs. Stamatiou *at Alexandros's dwelling*, then service would have been effectuated. But this was not done. The papers were left, instead, with Mrs. Stamatiou at a different address, so service on defendant Alexandros Stamatiou was not accomplished.

Because the Plaintiff has proceeded in forma pauperis, it was the court's duty to "serve all process." 28 U.S.C. § 1915(d). Accordingly, "[plaintiff] should not be penalized for failure to effect service where it failed through no fault of his own." *Nyholm v. Pryce*, 259 F.R.D. 101, 105 (D.N.J. 2009) (citation omitted). The Court will deny Plaintiff's motion for default judgment with respect to defendant Alexandros Stamatiou, and will direct the clerk to re-serve Alexandros Stamatiou according to one of the permissible methods of service set forth in Fed. R. Civ. P. 4(e) within a reasonable amount of time. The entry of default as to this defendant will also be set aside.

The Court now turns to the motion for entry of default judgment against Anastasio Stamatious. The entry of a default judgment is entrusted to the "sound judicial discretion" of the court. *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984); *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242 (3d Cir. 1951); *see also* 10A Federal Practice § 2685. Where default has been properly entered against the defendant, the plaintiff has the burden, under Federal Rule of Civil Procedure 55(b)(2), to establish that the essential elements of the pleaded claims are present, normally taking the factual allegations in the complaint as true. *Comdyne I v. Corbin*,

908 F.2d 1142, 1149 (3d Cir. 1990); *D.B. v. Bloom*, 896 F. Supp. 166, 170 n. 3 (D.N.J. 1995). It appears that many of the causes of action asserted in the Complaint are time-barred, or factually inapplicable to Defendants. In addition, Plaintiff lacks standing to enforce certain of the causes of action, in particular the causes of action arising under criminal statutes.

However, taking the facts in the Complaint as true, Plaintiff has established liability against Defendants on the 42 U.S.C. § 1981 claim. Section 1981 provides, in pertinent part, that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State . . . to make and enforce contracts . . . as is enjoyed by white citizens . . . ." 42 U.S.C. § 1981. The statute covers private acts of racial discrimination. *Runyon v. McCrary*, 427 U.S. 160, 170, 96 S.Ct. 2586, 2594, 49 L.Ed.2d 415, 424 (1976). "A successful section 1981 claim requires proof of intentional discrimination." *Chauhan v. M. Alfieri Co., Inc.*, 897 F.2d 123, 126 (3d Cir. 1990) (citations omitted). A plaintiff may prove discriminatory intent with direct evidence or indirect evidence. *Anderson v. Wachovia Mortg. Corp.*, 621 F.3d 261, 267-68 (3d Cir. 2010). Here, according to Plaintiff's allegations, he was deprived of his right to "make and enforce" his apartment lease against his landlord when the Defendants entered his home without permission and attacked him on several occasions with the purpose of driving him from his rental home because of his race. These allegations are more than sufficient to establish a cause of action for a violation of § 1981. *See e.g., Bradley v. Carydale Enterprises*, 707 F. Supp. 217, 224 (landlord's failure to investigate and resolve plaintiff's complaint of racial harassment, if proven, abridged plaintiff's right to enforce her lease contract and would, therefore, come within the explicit terms of section 1981).

After a Court determines that judgment by default should be entered as to liability, the court must address the quantum of damages or other recovery to be awarded. The court has

discretion to convene a damages hearing in order to for the plaintiff to establish and calculate damages and provide sufficient documentary evidence to satisfy the court. Bartkus, *N.J. Federal Civil Procedure,* § 17-3:3.2 at 443 n. 53 (1999). The Court previously held one hearing and scheduled a second hearing to follow up on unresolved issues, but Plaintiff failed to show up for the second hearing.

An individual who establishes a cause of action under section 1981 is entitled to both equitable and legal relief, including compensatory and, under certain circumstances, punitive damages. *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 460 (U.S. 1975). However, compensatory damages for a constitutional violation must be based on the actual injuries suffered by the plaintiff. *See Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299 (1986); *Carey v. Piphus*, 435 U.S. 247 (1978). "In order to receive compensatory damages, individual plaintiffs must prove that 'injury actually was caused.'" *Rutstein v. Avis Rent-A-Car Sys., Inc.*, 211 F.3d 1228, 1239 (11th Cir. 2000) (quoting *Carey*, 435 U.S. at 264, and applying *Carey and Stachura* in a section 1981 claim). Without proof of actual damages caused by a defendant, a plaintiff is entitled only to "nominal damages not to exceed one dollar." *Carey*, 435 U.S. at 267.

Plaintiff has submitted letters from his former employers Accenture and Rhythms, but they appear to be letters confirming employment and nothing therein suggests that plaintiff was terminated due to the conduct alleged in the Complaint. Plaintiff also forwarded a letter from Taheerah Emanuel who is the director of the Jack Ryan Residence, a homeless shelter. Although it indicates that Mr. Azkour was a resident at the shelter, there is nothing in the letter that indicates Plaintiff became homeless due to the incident with Defendants. Therefore, Plaintiff has not shown that his job termination and homelessness were caused by the alleged violations of his constitutional right. However, Plaintiff has also requested damages to compensate him for

mental and emotional distress, and has submitted evidence that he contends supports his request, including a report from Piali M. Das, M.D., of the Postgraduate Center for Mental Health. There is nothing in Dr. Das's report which connects Plaintiff's severe emotional distress directly to his interactions with Defendant Anastasio Stamatiou. Nonetheless, it is apparent that some emotional distress occurred as a result with his interaction with Anastasio Stamatiou. As such, Plaintiff is awarded $5,000.00 in compensatory damages.

In addition to compensatory damages, Plaintiff has asked for punitive damages. Punitive damages are available in a claim under section 1981 "for conduct [by the defendant] exhibiting malice, an evil motive, or recklessness or callous indifference to a federally protected right." *Stephens v. South Atlantic Canners, Inc.*, 848 F.2d 484, 489 (4th Cir. 1988). Punitive damages are an extraordinary remedy designed to punish and deter particularly egregious conduct, and their award is in the court's discretion. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 268 (1981); *Smith v. Wade*, 461 U.S. 30, at 54 (1983). The court declines to award punitive damages, as it finds that the conduct of Defendant, particularly without more proof and substantiation, does not warrant the award. This is particularly true where Plaintiff failed to provide further documents or exhibits supporting such damages. Moreover, this is not a case where punishing defendant for alleged conduct will serve in any significant way to deter others from similar conduct in the future.

CONCLUSION

Plaintiff's motion is denied as to Alexandros Stamatiou, because he was never properly served with the Complaint, and granted as to Anastasio Stamatiou. The Court awards Plaintiff $5,000.00 in compensatory damages for Plaintiff's mental and emotional distress, and declines to award punitive damages. The Court will enter an Order consistent with this opinion.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.

February 26, 2013